# UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH       (973) 645-4693
  BANKRUPTCY JUDGE      Fax: (973) 645-2606

**NOT FOR PUBLICATION**

> **FILED**
> JAMES J. WALDRON, CLERK
>
> **FEB. 22, 2007**
>
> U.S. BANKRUPTCY COURT
> NEWARK, N.J.
> BY: <u>s/ Ronnie Plasner,</u> DEPUTY

February 22, 2007

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Rabinowitz, Lubetkin & Tully LLC
Barry J. Roy, Esq.
293 Eisenhower Parkway
Suite 100
Livingston, New Jersey 07039
***Counsel for Jay L. Lubetkin,***
***Chapter 7 Trustee for Specialty Dispersion Co.***

Durkin & Durkin LLP
Gregory F. Kotchick, Esq.
1120 Bloomfield Avenue
West Caldwell, New Jersey 07007
***Counsel for DWK, Inc. d/b/a Klohs Chemical***

Re:    ***Jay L. Lubetkin, Chapter 7 Trustee for Specialty***
       ***Dispersion Co. v. DWK, Inc. d/b/a Klohs Chemical***
       **Adv. No.: 06-1929 (DHS)**

Page 2
February 22, 2007

Dear Counsel:

  On or about January 10, 2007, DWK, Inc. d/b/a Klohs Chemical (hereinafter "DWK") filed a motion to vacate this Court's Orders of default and default judgment entered against it, as well as to re-open the instant adversary proceeding. DWK grounds its argument in its alleged excusable neglect and meritorious defenses of ordinary course of business as well as new value. In opposition, Jay L. Lubetkin, Chapter 7 Trustee for Specialty Dispersion Co. (hereinafter "Trustee" and "Debtor" respectively), argues that DWK has failed to carry its burden on a showing of excusable neglect or either alleged meritorious defense. For the reasons that follow, DWK's motion is hereby denied.

  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

  On April 7, 2006, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. According to the petition, DWK holds an unsecured non-priority claim against the Debtor in the amount of $362,485.32. The Trustee was appointed on April 10, 2006. On May 12, 2006, the Trustee issued a demand letter to DWK seeking to recover preferential transfers in the amount of $123,027.28. On June 15, 2006, the Trustee filed the instant adversary complaint to avoid and recover the alleged transfer. Instead of filing an answer or motion to dismiss, DWK, through its sole shareholder Nancy Lee Mudd, forwarded documents to its attorney in an effort to settle the adversary proceeding. On July 21, 2006, the Trustee served DWK's counsel with separate applications for entry of default and default judgment. No opposition to this relief was put forward. Default was entered against DWK on August 17, 2006. On August 21, 2006, this Court entered default judgment in favor of the Trustee in the amount of $123,027.28 pursuant to Sections 547 and 550 of the Bankruptcy Code. The within motion to vacate default and default judgment was not filed until January 10, 2007, almost five months after the entry of default judgment.[1]

  Federal Rule of Civil Procedure 60 is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 9024. "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ." FED. R. CIV. P. 60(b)(1).

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account

---

[1] A motion to vacate default judgment was filed on December 11, 2006 but withdrawn as a result of procedural defects.

Page 3
February 22, 2007

>of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation omitted) (seminal case describing the excusable neglect standard under Federal Rule of Bankruptcy Procedure 9006). The Third Circuit Court of Appeals has extended the excusable neglect standard set forth in *Pioneer Inv. Servs. Co.* to motions made pursuant to Federal Rule of Civil Procedure 60(b)(1). *See George Harms Constr. Co., Inc. v. Chao*, 371 F.3d 156, 163-64 (3d Cir. 2004) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

"[I]t is the simple, everyday error -- an unnoticed typo, a mistaken diary entry -- which is virtually inevitable for every lawyer regardless of the level of competence or diligence he brings to a case" that constitutes excusable neglect under Rule 60(b)(1). *Tamarkin v. Wells (In re Wells)*, 87 B.R. 862, 865 (Bankr. E.D. Pa. 1988) (citation omitted). Excusable neglect is the exception, not the rule. The Court should ordinarily honor the finality of judgments by refusing to find an exception each time hardship is visited.

Here, DWK's conduct was deliberate and inexcusable. Attempts at settlement do not toll the deadline for filing a responsive pleading or motion to dismiss. In addition, DWK was fully informed of the Trustee's applications for default and default judgment and did not oppose. While litigation is an expensive proposition, cost is no excuse for failing to defend oneself by filing a responsive pleading. DWK's failure was of its own doing and without cause. To find this conduct excusable would prejudice the Debtor by unwinding a judgment beneficial to the estate. Any prejudice to DWK is, again, of its own doing.

Assuming, *arguendo*, that the circumstances *sub judice* constitute excusable neglect, DWK also fails to show the applicable factors weigh in favor of setting aside default judgment. In a court's discretionary determination of whether to set aside an entry of default or default judgment pursuant to Federal Rules of Civil Procedure 55(c) or 60(b)(1), it must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citing *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983); *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).

"The showing of a meritorious defense is accomplished when 'allegations of [the] defendant's answer, if established [at] trial, would constitute a complete defense to the action.'" *U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951); citing *see Farnese*, 687 F.2d at 764). A defendant has the burden of showing with

Page 4
February 22, 2007

some specificity the basis for his defense. *See Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988) (citing *U.S. Currency*, 728 F.2d at 195-97). This burden is not met by a conclusory assertion. *See Harad*, 839 F.2d at 982. The underpinning is that in order to set aside a judgment, a court must assess the merits of the defense to determine whether it operates as a complete bar to liability. *Id.* (citing *U.S. Currency*, 728 F.2d at 195-97).

Here, the Trustee will be prejudiced in vacating the judgment he lawfully achieved. In addition, the judgment resulted from DWK's inaction, not the fault of another. Finally, and most significantly, DWK fails to assert a meritorious defense.

Under the ordinary course of business defense, a defendant must show that the transfers were either made within the industry norm, or in the normal course of business between the debtor and transferee. *See* 11 U.S.C. § 547(c)(2). Here, DWK makes no attempt to prove the payments were made pursuant to industry norm. In addition, DWK states, in a conclusory fashion, that payments between it and the Debtor were on a net 30-day basis but frequently late. In support of this proposition, DWK attaches numerous invoices, as well as a payment history ranging from June of 2005 through December of 2005. The petition date is April 7, 2006. Therefore, the payment history provided does not illustrate the transactions which fell within the 90-day preference period or that the preferential transfers fell within the subjective course of payment. In addition, no analysis of the temporal range or consistency of payment is provided. Finally, the invoices provided date from August of 2004 through July of 2005 and, again, no attempt is made to relate those invoices to the alleged preferential transfers. While these invoices might relate to payments made within the preference window or to the subjective ordinary course of business, the relation, if any, is not adequately demonstrated to substantiate DWK's position.

Section 547(c)(1) articulates the new value defense to preferential transfers, requiring that payments be intended as an exchange for new value and that the exchange be substantially contemporaneous. *See* 11 U.S.C. § 547(c)(1). DWK's new value defense is equally deficient, stating, again in a conclusory fashion, that subsequent deliveries were made to the Debtor during the preference period which remain unpaid, thus constituting new value. DWK attaches a series of invoices ranging from April of 2005 through June of 2005. It is unclear how the services can constitute new value as they pre-date the alleged preferential transfers. In addition, DWK makes no attempt to show that the parties intended an exchange for new value. Finally, DWK fails to provide any analysis that the alleged exchanges for new value were substantially contemporaneous. In any event, effort to do so would be futile as the invoices reflect activity approximately ten months prior to the petition date.

Page 5
February 22, 2007

      For all the aforementioned reasons, DWK's motion is denied in its entirety. An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

                                         Very truly yours,

                                    */s / Donald H. Steckroth*

                                    DONALD H. STECKROTH
                                    UNITED STATES BANKRUPTCY JUDGE

Enclosure